```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
A.S., as a minor child by and through Parent and Guardian              :
Rachel Rosenbaum,                                                      :
                                                                       :
                              Plaintiff,                               :   19 Civ. 11566 (JPC)
                                                                       :
              -v-                                                      :   ORDER
                                                                       :
THE UNION OF ORTHODOX JEWISH                                           :
CONGREGATIONS OF AMERICA, INC. et al.,                                 :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On June 28, 2021, Plaintiff filed a letter motion seeking to compel the production of five documents (collectively, the "Reports"), each labeled a "litigation report" on Defendants' privilege log dated June 17, 2021.[1] *See* Dkt. 43. On July 12, 2021, Defendants opposed on the ground that the Reports are protected by the attorney work product privilege. *See* Dkt. 48. On July 27, 2021, the Court held a telephonic conference at which the Court granted leave for the parties to file supplemental briefing on the issue of waiver. The parties did so on August 10, 2021 and August 24, 2021. Dkts. 51, 54. On October 6, 2021, the Court ordered Defendants to submit the Reports to the Court for *in camera* review. Dkt. 55. Upon consideration of the parties' arguments and following an *in camera* review of the Reports, the Court finds that the Reports are not protected

---

[1] Defendants titled the Reports on their privilege log as (i) "Joe Goldfarb Litigation Report," (ii) "Shimon Stroll Litigation Report," (iii) "Esti Baum Litigation Report," (iv) "Rafi Setnick Litigation Report," and (v) "Avrohom Adler Litigation Report". Dkt. 43, Exh. G. During the relevant time period, Messrs. Goldfarb and Adler served as the Director of Summer Programs and International Director of Yachad, respectively. Mr. Stroll, Ms. Baum, and Mr. Setnick served as Boys' Head Counselor, Program Director, and Fellow, respectively, for Yachad B'Nesher.

from disclosure under the work product doctrine.

Pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, "documents and tangible things prepared by a party or its representative in anticipation of litigation are protected under the work product doctrine." *Brown v. Barnes and Noble, Inc.*, 474 F. Supp. 3d 637, 648 (S.D.N.Y. 2019). The work product doctrine does not shield everything that was prepared "at the behest of a lawyer or was provided to a lawyer." *Id.* at 649 (internal quotation marks omitted). Thus, a document is subject to protection under the work product doctrine only if it was prepared "because of" litigation. *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998). This means that attorney work product protection will not extend to "documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." *Id.* The party asserting the work product protection bears the burden of establishing the privilege. *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 435 (S.D.N.Y. 2013). Here, Defendants have not demonstrated that the Reports would not have been created in essentially similar form irrespective of the litigation.

First, Defendants, relying solely on highly generalized declarations from two individuals, have failed to present the Court with adequate competent evidence to meet their affirmative burden to prove the applicability of the work product privilege. Most notably, Defendants have not provided Plaintiff or this Court with information regarding exactly when the Reports were created or the circumstances in which each of the Reports were created. This information is important in determining whether the Reports were, in fact, created in anticipation of litigation or if there were other considerations that may have contributed to or necessitated the creation of the Reports. Defendants' privilege log fails to provide any clarity on this issue since it only states that the Reports were created in "August 2019." Dkt. 43, Exh. G. Likewise, the Court is unable to

2

determine this information from its *in camera* review of the Reports.

Second, in addition to the absence of facts supporting Defendants' claims of privilege, there is evidence in the record to suggest that ordinary business practices and concerns other than anticipated litigation may have informed Defendants' decision to create the Reports irrespective of the litigation. For example, Ms. Baum testified at her deposition that Defendants "had protocols of reports for all types of things," including "[a]ny time a Counselor would see anything that they would question, whether it be touching, whether it be anger, whether it be the camper doesn't have enough underwear, they would report it to . . . the Assistant Program Director," who would then report it to Ms. Baum. Dkt. 43, Exh. I at 62:10-63:3. Ms. Baum further testified that if she "felt like [the report] needed to go above my jurisdiction it would go up to Joe Goldfarb and my superiors." *Id.* at 63:4-6. Although it is unclear from Ms. Baum's testimony whether Defendants had a protocol or practice of creating written reports each time a report was made by a counselor, it does suggest that Defendants had an ordinary business practice of reporting the type of incident at issue in this case, separate and apart from any litigation concerns, which in some cases may have been reflected in a written document. As Mr. Goldfarb testified during his deposition, Defendants "generally would . . . put something together" in the form of a written report "if there is something like this."[2] Dkt. 43, Exh. H at 123:11-23.

Moreover, during the July 27, 2021 teleconference with the Court, Plaintiff argued that the Reports likely were not prepared in anticipation of litigation because Defendants' text messages produced during discovery show that "they were more concerned about the police report" than a potential litigation brought by Plaintiff. Dkt. 52 at 8:24-9:10. The Court's *in camera* review of

---

[2] Mr. Goldfarb further testified that no written report of the incident was created in this case; however, this testimony has now been shown to be inaccurate, of course, as written reports of the incident currently are the subject of Plaintiff's motion to compel.

the Reports appears to support this conclusion—or, at the very least, that the Reports would have been created in substantially similar form even in the absence of any litigation concern—as the Reports mention concerns over reporting the incident to the police but do not mention or make any reference to a potential lawsuit by Plaintiff. In response, Defendants seemingly conceded to the Court during the July 27 teleconference that in creating the Reports, Defendants "were focused on both," *id.* at 18:9-12—meaning *both* their potential liability in any litigation brought by Plaintiff *and* ensuring that they complied with any reporting obligations to the police.[3] Accordingly, Defendants have not met their burden to show that the Reports would not have been created in essentially similar form irrespective of the litigation. *See Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 395-96 (S.D.N.Y. 2015) (holding that work product doctrine did not apply to documents from investigations prompted by plaintiffs' threat of litigation because defendant "has provided virtually no evidence on the question of what [it] 'would have' done had it learned of the . . . allegations under circumstances where the knowledge was not coupled with the threat of litigation").

For the forgoing reasons, Defendants have not met their burden of showing that the Reports are entitled to work product protection.[4] Accordingly, within 14 days of the filing of this Order,

---

[3] Mr. Adler attests in his declaration that he "do[es] not have occasion to create incident reports for events that occur in Yachad Summer Integration Programs." Dkt. 48 at 6. Likewise, Mr. Goldfarb attests in his declaration that "[a]t the time of the telephone call with Mr. Adler, no written incident report had been created regarding the alleged incident" because "no written incident report was necessary pursuant to the program's procedure." *Id.* at 8. Mr. Goldfarb's declaration seemingly contradicts his own deposition testimony acknowledging that Defendants "generally would . . . put something together" in the form of a written report "if there is something like this," "but in this case, it was not needed." Dkt. 43, Exh. H at 123:11-23. Moreover, Messrs. Adler's and Goldfarb's declarations do not foreclose the possibility that the Reports still would have been created in connection with Defendants' reporting of the incident to the police. They also do not address whether Messrs. Stroll or Setnick, or Ms. Baum had a practice of creating written reports in the ordinary course.

[4] Because the Court finds that Defendants have not met their burden of proof that the Reports constitute attorney work product, the Court does not reach Plaintiff's other arguments for compulsion on waiver, substantial need, and undue hardship grounds.

4

Defendants shall produce the Reports to Plaintiff. Furthermore, the Court finds that Defendants' privilege log is deficient. *See United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473-74 (2d Cir. 1996) (finding privilege log deficient because it "contain[ed] a cursory description of each document, the date, author, recipient, and 'comments,'" and concluding that it did "not provide enough information to support the privilege claim"). To the extent Defendants have withheld or intend to withhold additional documents responsive to Plaintiff's discovery requests on the basis of privilege, within 14 days of the filing of this Order, Defendants shall produce an amended privilege log that complies with Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 26.2. Specifically, Defendants' amended privilege log must include information regarding "(i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other" for each responsive document withheld on the basis of privilege. Local Civil Rule 26.2(a)(2)(A).

    SO ORDERED.

Dated: October 20, 2021
      New York, New York

                          JOHN P. CRONAN
                      United States District Judge