UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :

A.S.,                                                    :

                   Plaintiff,                         :             19 Civ. 11566 (JPC)

      -v-                                         :                  ORDER

THE UNION OF ORTHODOX JEWISH         :
CONGREGATIONS OF AMERICA, INC *et al.*,

                   Defendants.                :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

     On April 29, 2022, the parties filed a stipulation of dismissal of Plaintiffs' claims with prejudice. Dkt. 73. In accordance with Local Civil Rule 83.2(a)(1), which requires the parties to obtain Court approval before settling an action by or on behalf of a minor, the Court directed Plaintiff to submit any materials in support of the Court's approval of the settlement, along with a proposed infant compromise order by June 1, 2022. Dkt. 74. On May 27, 2022, Plaintiff filed a letter requesting permission to file the "supporting documents and proposed infant compromise order . . . under seal."[1] Dkt. 77. In support of the sealing request, Plaintiff contends that "[t]he presumption to public access is outweighed in this case by the substantial interests in (1) promoting the confidentiality of settlement negotiations and any resulting agreements in order to facilitate settlement; and (2) protecting the infant plaintiff's privacy interests." *Id.*

     "While ordinarily, settlements of civil lawsuits are private arrangements between the parties and the court normally plays no role whatever, standing indifferent to the terms the parties

---

[1] The Court previously denied without prejudice Plaintiff's May 25, 2022 letter motion to file under seal the proposed infant compromise order and the materials in support of the Court's approval of the settlement, and directed Plaintiff to comply with 4.B of the Court's Individual Rules and Practices in Civil Cases. *See* Dkts. 75-76.

have agreed to, in certain types of cases such as an infant compromise order, judicial scrutiny of a proposed settlement is required." *ABC v. XYZ Corp.*, No. 18 Civ. 11653 (JGK) (JLC), 2019 WL 1292503, at *6 (S.D.N.Y. Mar. 19, 2019) (cleaned up).  In such cases, there exists a "presumption of access to the judicial proceedings." *Id.* (internal quotation marks omitted); *see also Agence France Presse v. Morel*, No. 10 Civ. 2730 (AJN), 2014 WL 5568562, at *2 (S.D.N.Y. Nov. 3, 2014) ("Information on which a court must rely to determine the motion before it—such as the settlement amounts contained in the Defendants' memorandum . . . is given strong presumption of public access.").  This presumption may be overcome "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and *is narrowly tailored* to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks omitted) (emphasis added).  "Broad and general findings by the trial court, however, are not sufficient to justify closure." *Id.* (internal quotation marks omitted).

Here, sealing of certain identifying information is warranted to protect the privacy interests of Plaintiff, a minor child.  The Court, however, finds that Plaintiff's request to submit the proposed infant compromise order and the supporting documents under seal, in their entirety, is not narrowly tailored to serve Plaintiff's privacy interests, especially when much of the information contained in these documents previously has been disclosed publicly in this action during Court proceedings or in the parties' filings on the docket.  Nor has Plaintiff demonstrated any sufficient basis to justify the wholesale sealing of these documents.  Instead, the Court finds that Plaintiff's privacy interests may be served by redacting any identifying information that was not previously disclosed to the public in this action.

Accordingly, it is hereby ORDERED that Plaintiff shall file the proposed infant compromise order and all supporting documents with redactions.  The redactions should be limited to Plaintiff's name, which should be listed by initials only, and any references to birth dates,

addresses, names of family members not previously disclosed publicly in this action, and any other information that could lead to the identification of Plaintiff. Plaintiff is further directed to file the proposed redactions for the Court's approval in accordance with 4.B of the Court's Individual Rules and Practices in Civil Cases.

    SO ORDERED.

Dated: May 31, 2022
       New York, New York

                                      JOHN P. CRONAN
                                 United States District Judge