UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                    :

A.S.,                                            :

                       Plaintiff,                      :
                                              :         19 Civ. 11566 (JPC)
          -v-                                  :
                                              :         <u>ORDER</u>

THE UNION OF ORTHODOX JEWISH          :
CONGREGATIONS OF AMERICA, INC *et al.*,  :

                     Defendants.                 :
                                              :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On June 2, 2022, the Court entered the Infant Compromise Order, approving the parties' settlement agreement and dismissing this action. Dkt. 84. The parties subsequently filed a joint letter, requesting that the Infant Compromise order "be modified to redact the amounts within said Order." Dkt. 85. The parties contend that redaction of the settlement amounts is warranted because the settlement agreement contains a confidentiality provision. *Id.* In support of their request, the parties cite to *Leonard as Tr. of Poplawski 2008 Ins. Tr. v. John Hancock Life Ins. Co. of N.Y.*, No. 18 Civ. 4994 (AKH), 2020 WL 1547486 (S.D.N.Y. Mar. 31, 2020), which, according to the parties, found that the "interest in redactions of settlement amounts outweigh public access." Dkt. 85.

      The Court denies the parties' request to seal the settlement amounts in the Infant Compromise Order, as they have not made a showing that such relief is warranted. As an initial matter, the case on which the parties rely does not support their contention as that order concerned requests to redact certain information in the plaintiff's first amended class action complaint. *Leonard as Tr. of Poplawski 2008 Ins. Tr.*, 2020 WL 1547486, at *1. And in fact, the Court notes that the parties in that case filed the final settlement amounts publicly on the docket. Moreover,

the parties have not presented any basis to support the position that the parties' privacy interests in maintaining the settlement amounts contained in the Infant Compromise Order confidential outweighs the right of public access to such information, Dkt. 84, especially in light of the fact that the parties do not seek redaction of the same information contained in the proposed infant compromise order and the parties' settlement agreement, both of which are filed publicly on the docket.  See Dkts. 81, 82-2.

      The Clerk of Court is respectfully directed to close the letter motion pending at Docket Number 85.

      SO ORDERED.

Dated: June 3, 2022
      New York, New York

                                          JOHN P. CRONAN
                                  United States District Judge